NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 27 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

BRANDON ROSS LINDER,

Defendant - Appellant.

No. 23-538

D.C. No. 3:18-cr-00458-AN-1

District of Oregon, Portland

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Adrienne C. Nelson, District Judge, Presiding

Submitted September 12, 2023[**]

Before:    CANBY, CALLAHAN, and OWENS, Circuit Judges.

Brandon Ross Linder appeals from the district court's judgment revoking his

supervised release and challenges the nine-month sentence imposed upon

revocation.  We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Linder first contends that the district court procedurally erred by failing to

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

provide an adequate explanation for the sentence and failing to consider his arguments for a below-Guidelines sentence. We review for plain error, *see United States v. Miqbel*, 444 F.3d 1173, 1176 (9th Cir. 2006), and conclude that there is none. The record reflects that the district court listened to Linder's arguments but concluded that the within-Guidelines sentence was warranted. The district court's explanation, in light of the record as a whole, is sufficient to allow for meaningful appellate review. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir. 2008) (en banc).

Linder further contends that the sentence is substantively unreasonable in light of his progress and the rehabilitative goals of supervised release. We disagree. The sentence is substantively reasonable in light of the 18 U.S.C. § 3583(e) sentencing factors and the totality of the circumstances, including Linder's repeated breaches of the court's trust. *See Gall v. United States*, 552 U.S. 38, 51 (2007); *United States v. Simtob*, 485 F.3d 1058, 1062 (9th Cir. 2007) (purpose of a revocation sentence is to sanction the defendant's breach of the court's trust).

**AFFIRMED.**